

1720 22ND AVENUE
POST OFFICE BOX 1149
GULFPORT, MS 39502-1149
TELEPHONE: 228.206.7076
FACSIMILE: 228.284.1870
WEB: SMITHHOLDER.COM

CHRISTOPHER SMITH*
CHRIS@SMITHHOLDER.COM
*ALSO ADMITTED IN FL

G. MORGAN HOLDER
MORGAN@SMITHHOLDER.COM

December 10, 2024

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

   Re*:* *United States v. Giglio*, No. 24-60047
     Response to Government's December 3, 2024, 28(j) letter

Dear Mr. Cayce:

  In response to the Government's December 3, 2024, Rule 28(j) submission [ECF 101], the cases cited therein further support vacating his conviction and sentence.

  In *United States v. Bullock,* 2024 WL 4879467 (5th Cir. Nov. 25, 2024), the defendant, Jesse Bullock, had numerous violent felony convictions including aggravated assault and manslaughter. *Id*. at *1. Bullock holds that the going armed laws "supports a tradition of disarming individuals like Bullock pursuant to § 922(g)(1), whose underlying ***convictions*** stemmed from the threat and commission of violence with a firearm." *Id*. (citing *United States v. Diaz*, 116 F.4th 458, 470 n.5 (5th Cir. 2024) (emphasis our own)). Here, Mr. Giglio's underlying conviction of possession of a firearm by an unlawful user of a controlled substance under 18 U.S.C. § 922(g)(3) is not inherently a violent offense like manslaughter and aggravated assault. *See United States v. Connelly*, 117 F.4th 269, 278-79 (5th Cir. 2024).

  For the same reasons, *United States v. Isaac*, 2024 WL 4835243, is also unpersuasive. In Isaac, the defendant's prior felony conviction was for aggravated assault with a deadly weapon, certainly the type of offense involving the threat and commission of violence with a firearm. *Id*. at *1. Notably, although the defendant in *Isaac* was also convicted of deadly conduct for pointing a firearm at a mother picking

up her son from school, this conviction was not considered due to its misdemeanor status at the time of the offense.[1]

Finally, the Government cited *United States v. French*, 121 F.4th 538 (5th Cir. Nov. 20, 2024), for the proposition that "the Supreme Court has continued to emphasize that laws disarming 'felons' are 'presumptively lawful.'" *Id.* (citations omitted). However, *French* involved only a facial challenge to 922(g)(1). Mr. Giglio has asserted an as applied challenge, and thus, the holding in *French* does not justify disarming defendants like Giglio.

In *Diaz*, this Court made clear that the Government bears the burden to "demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to [the defendant's]." 116 F.4th at 467. The cases cited by the Government involved underlying convictions for aggravated assault, manslaughter, and aggravated assault with a deadly weapon, none of which are remotely analogous to Mr. Giglio's 922(g)(3) conviction. Firearm possession by a user of a controlled substance was not even criminalized at the Founding, and the closest historical analogue was punished lightly. Therefore, Mr. Giglio's prior conviction for possessing a firearm as an unlawful drug user cannot justify § 922(g)(1)'s lifelong ban on firearm possession.

Accordingly, this Court should hold that § 922(g)(1) violates the Second Amendment as applied to Mr. Giglio, and thereafter vacate his conviction and sentence.

Respectfully submitted, this the 10th day of December, 2024.

**DAMION XAVIER GIGLIO, Appellant**

SMITH & HOLDER, PLLC


/s/ G. Morgan Holder
G. MORGAN HOLDER

---

[1] *Id.* at n. +.

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2024, an electronic copy of the foregoing *Response to Government's December 3, 2024, 28(j) Letter* was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, which served a copy on all parties.

/s/ G. Morgan Holder
G. MORGAN HOLDER