

U.S. Department of Justice

United States Attorney
Southern District of Mississippi

1575 Twentieth Avenue  *Telephone: (228) 563-1560*
Gulfport, Mississippi 39501

VIA ELECTRONIC CASE FILING        January 22, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

     Re:   <u>*United States v. Giglio,* No. 24-60047: Rule 28(j) letter (*Contreras*)</u>

Dear Mr. Cayce:

     The Government previously brought to the Court's attention two court of appeals opinions addressing the status of a defendant being on supervised release as affecting a his right to possess a firearm. *See* 10/30/2024 Gov't Rule 28(j) letter (citing *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024), and *United States v. Goins*, 118 F.4th 794 (6th Cir. 2024)).  Last week, this Court cited *Moore* and *Goins* favorably in recognizing that defendants under supervision do not enjoy the same right to bear arms as other citizens. *See United States v. Contreras*, No. 23-50840, Op. at 11 (5th Cir. Jan. 13, 2025).

     In addition to considering the status of defendants on supervised release, *Contreras* also examined whether 18 U.S.C. § 922(g)(3) fits within the "tradition of regulating Contreras' prior offense because he was intoxicated when he possessed the gun." *Contreras*, Op. at 10 (without emphasis).  As the Court said: "Taken together, we have a history and tradition of punishing felons quite harshly, including taking away their weapons while they complete their sentence, and a history and tradition of disarming those that are intoxicated." *Id*. at 11. *See* 10/30/2024 Gov't Rule 28(j) letter (citing Giglio's status as defendant under supervision); 11/21/2024 Gov't Supp. Letter Br. at 2 (likelihood Giglio would test positive for meth upon § 922(g)(3) arrest).

     As the Court said: "Section 922(g)(1) shares the 'how' (disarmament) and 'why' (deter criminal conduct, protect the public, and facilitate rehabilitation) of these historical regulations and extends that tradition to individuals like Contreras." *Contreras*, Op. at 12.

Although "§ 922(g)(1) imposes a tougher 'how,' permanent disarmament, than colonial-era laws temporarily disarming intoxicated individuals," "the 'why' here is also heightened: Congress is not simply regulating someone who is currently using alcohol; instead, it is regulating repeat users of controlled substances." *Id.* As was true for Contreras, Giglio's underlying conviction involved possessing a firearm with the obvious threat of his being intoxicated but also the likelihood of his being unlawfully under the influence of a controlled substance (methamphetamine). Giglio's possession of a firearm while under supervision for that offense makes *Contreras* particularly instructive.

          Respectfully,

          PATRICK A. LEMON
          *Acting United States Attorney*
          *Southern District of Mississippi*

By: /s/ Gaines H. Cleveland

cc:    Grady Morgan Holder     GAINES H. CLEVELAND
       *Counsel for appellant*     JENNIFER CASE
                                               *Assistant U.S. Attorneys*